**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU Investments, LLC d/b/a Brazos Licensing and Development, <br><br> Plaintiff, <br><br> v. <br><br> Canon Inc., <br><br> Defendant. | Case No. 6:20-cv-00985 |

**DEFENDANT CANON INC.'S**
**MOTION TO DISMISS COMPLAINT FOR PATENT INFRINGEMENT**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

SUMMARY OF ALLEGATIONS IN THE COMPLAINT ................................................ 2

ARGUMENT ...................................................................................................................... 3

      A.      Legal Standard ................................................................................................ 3

      B.      The Complaint Fails to State a Claim for Induced Infringement ........................... 4

              i.      The Complaint Fails to Allege Canon's Knowledge of the '738 Patent ................................................................................................... 5

              ii.      The Complaint Fails to Allege Canon Specifically Intended to Induce Infringement of the '738 Patent ....................................................... 7

      C.      The Complaint Fails to State a Claim for Contributory Infringement ................. 11

CONCLUSION ................................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ...................................................................................7

*Affinity Labs of Texas, LLC v. Toyota Motor North America*,
No. 13-cv-00365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) .................................4, 8, 12

*Aguirre v. Powerchute Sports, LLC*,
No. 10-cv-00702, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ...........................................6

*Aguirre v. Powerchute Sports, LLC*,
No. 10-cv-00702, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011) ............................................5

*Artip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) .......................................................................................11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...............................................................................................3, 4, 11, 12

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......................................................................................................3, 4, 11

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d (Fed. Cir. 2012) ................................................................................................12, 13

*Blackberry Ltd. v. Nokia Corp.*,
No. 17-cv-00155, 2018 WL 1401330 (D. Del. Mar. 20, 2018) .............................................11

*Brandywine Commc'ns Techs., LLC v. CenturyTel Broadband Servs., LLC*,
No. 12-cv-00286, 2014 WL 12866968 (M.D. Fla. Jan. 15, 2014) ...........................................6

*Castlemorton Wireless, LLC v. Comcast Corp.*,
No. 20-cv-00034-ADA, Text Order Granting Motion to Dismiss (W.D. Tex.
July 25, 2020) ........................................................................................................................5

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015) .......................................................................................................4, 11

*De La Vega v. Microsoft Corporation*,
No. 19-cv-00612-ADA, Dkt. 29 (Feb. 11, 2020) .....................................................3, 4, 12, 13

*Fujitsu Ltd. v. Netgear Inc.*,
620 F.3d 1321 (Fed. Cir. 2010) ...............................................................................................12

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011)...................................................................................................4, 5, 6, 7

*Hypermedia Navigation LLC v. Google LLC*,
    No. 18-cv-01637, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019).........................................8, 10

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
    No. 6:17-cv-00143, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ....................................4, 7

*Iron Oak Techs., LLC v. Dell, Inc.*,
    No. 1:17-cv-00999, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018) .........................................12

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
    No. 14-cv-00134, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015)...........................................7

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
    No. 14-cv-01017, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) ...........................................6

*Parus Holdings Inc. v. Apple Inc.*,
    No. 19-cv-00432-ADA, Dkt. 101 (W.D. Tex. Jan. 31, 2020) ..............................................1, 5

*Simplivity Corp. v. Springpath, Inc.*,
    No. 15-cv-13345, 2016 WL 5388951 (D. Mass. July 15, 2016) ..............................................6

## INTRODUCTION

The Complaint filed by Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU" or "Plaintiff") fails to plausibly allege facts to support claims that Defendant Canon Inc. ("Canon") has indirectly infringed U.S. Patent No. 8,970,738 (the "'738 patent"). WSOU's conclusory allegations, which merely parrot the governing statutory requirements for induced infringement and contributory infringement, fail to meet the pleading requirements of this Court. Accordingly, the Court should dismiss WSOU's induced infringement and contributory infringement claims pursuant to FED. R. CIV. P. 12(b)(6).

The Complaint does not allege that Canon had pre-suit knowledge of the '738 patent, and it fails to identify facts to support its allegation that Canon possessed specific intent to induce either pre-suit or post-suit infringement. The absence of any allegation of pre-suit knowledge is fatal to WSOU's claim of pre-suit induced infringement. WSOU's allegations of post-suit induced infringement fare no better because WSOU has failed to provide any factual allegations to support an inference that Canon possessed specific intent to induce infringement.

On top of the total failure to allege pre-suit knowledge of the patent, it is quite clear that the accused Canon product is completely incapable of infringing the '738 patent. For example, the '738 patent is directed to a method for "automatically zooming" a lens for macro photography. But the accused Canon EF-M 28mm f/3.5 Macro IS STM is a *fixed* focal length lens that is incapable of zooming, automatically or otherwise.

WSOU's contributory infringement allegations similarly fail because they consist of no more than a conclusory one-paragraph legal standard.

As a result, WSOU's claims of induced infringement and contributory infringement are deficient and should be dismissed. *See, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 19-cv-00432-

ADA, Dkt. 101 (W.D. Tex. Jan. 31, 2020) (Albright, J.) (granting motion to dismiss claims of induced infringement and contributory infringement).

## SUMMARY OF ALLEGATIONS IN THE COMPLAINT

On October 19, 2020, WSOU filed five separate infringement actions each alleging the infringement of one patent assigned to WSOU. The present Complaint alleges the infringement of the '738 patent, including by induced infringement and contributory infringement. Complaint (Dkt. 1) at ¶¶ 15-16. WSOU identifies the allegedly infringing products ("Exemplary Defendant Products," Complaint, ¶ 11) as the Canon EF-M 28mm f/3.5 Macro IS STM camera lens because of its "Super Macro Mode" feature. Complaint, Exhibit 2.

As to the indirect infringement claims, the Complaint alleges merely that "[t]he service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here." Complaint, ¶ 13. Consistent with WSOU's position that the Complaint constituted Canon's notice of the patent, the Complaint makes no allegation that Canon had knowledge of the '738 patent prior to the filing of the Complaint. The Complaint further generally alleges that Canon "distribute[s] product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '738 patent," citing Exhibit 2. Complaint, ¶ 14. That exhibit references what appears to be a product webpage and specification for the Canon EF-M 28mm f/3.5 Macro IS STM camera lens. *See* Dkt. 1-2 at 10; Dkt. 1-3 and Dkt. 1-4. But the Complaint and its exhibits contain no allegation that explains whether or how the product webpage and specification, or any other Canon product webpage and/or specification, has in fact been used or could be used to instruct or encourage alleged infringement by customers. The induced infringement allegation concludes with a single paragraph of a boilerplate charge of induced infringement:

2

> **Induced Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '738 patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '738 patent.

Complaint, ¶ 15.

With respect to contributory infringement, the Complaint likewise provides only generic

allegations in a single paragraph:

> **Contributory Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '738 patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '738 patent. The Exemplary Defendant Products are especially made or adapted for infringing the '738 patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '738 patent.

Complaint, ¶ 16. The Complaint does not provide any factual allegations supporting the assertion

that the "Exemplary Defendant Products": (i) are "for use in end-user products"; and (ii) "have

no substantial non-infringing use."

## ARGUMENT

### A.  Legal Standard

To survive a motion to dismiss, a complaint must allege sufficient facts that, if accepted

as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility

standard is not met unless the 'plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.'" *De La Vega v.*

*Microsoft Corporation*, No. 19-cv-00612-ADA, Dkt. 29 at 3 (Feb. 11, 2020) (Albright, J.) (citing

*Iqbal*, 556 U.S. at 662). "***Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice***.[1]" *Id.* (emphasis added).

To plausibly allege a claim of induced infringement, a plaintiff must allege *facts* showing that the defendant: (1) had actual knowledge of the patent; (2) knowingly induced its customers and end users to infringe the patent; and (3) had specific intent to induce the infringement of the patent. *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143, 2017 WL 9477677, at *4 (W.D. Tex. Nov. 28, 2017). "[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). To meet the *Iqbal* and *Twombly* pleading standards, an induced infringement claim "must contain facts plausibly showing that [the defendant] specifically intended [its] customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement." *Affinity Labs of Texas, LLC v. Toyota Motor North America*, No. 13-cv-00365, 2014 WL 2892285, at *3 (W.D. Tex. May 12, 2014).

To establish contributory infringement, "the patent owner must demonstrate: 1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285 at *8 (quotation marks omitted). "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015).

### B.  The Complaint Fails to State a Claim for Induced Infringement

The Complaint alleges that Canon indirectly infringes the '738 patent by "inducing end users and others to use its products in the customary and intended manner that infringes the '738

---

[1] All emphasis throughout is added unless stated otherwise.

patent." Complaint, ¶ 14. Because WSOU fails to allege pre-suit Canon knowledge of the '738 patent or specific intent by Canon to induce infringement of these patents, WSOU's claims of induced infringement should be dismissed.

   i. <u>The Complaint Fails to Allege Canon's Knowledge of the '738 Patent</u>

As a threshold issue, a claim of indirect infringement must adequately plead the basis for knowledge of the existence and alleged infringement of the '738 patent. *See Aguirre v. Powerchute Sports, LLC*, No. 10-cv-00702, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011) ("Absence of knowledge is a fatal flaw in a claim for indirect patent infringement.").

The Complaint fails to allege any facts supporting an allegation of pre-suit knowledge of the '738 patent. Rather, WSOU alleges only that "[t]he service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here." Complaint, ¶ 13. But service of the Complaint in October of 2020 does not impart to Canon *pre-suit* knowledge as to the existence of the '738 patent. Absent any allegations that Canon had pre-suit knowledge, WSOU's claim of pre-suit indirect infringement is a nonstarter. *See Castlemorton Wireless, LLC v. Comcast Corp.*, No. 20-cv-00034-ADA, Text Order Granting Motion to Dismiss (W.D. Tex. July 25, 2020) (Albright, J.) (dismissing plaintiff's pre-suit induced infringement claims for failure to "plead sufficient facts that would support an allegation of pre-suit knowledge").

WSOU's claims of post-suit induced infringement also fail. Consistent with Supreme Court precedent in *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011), this Court has held that claims of indirect infringement that rely on a complaint to supply the only alleged knowledge of the asserted patents fail to meet the pleading standard for induced infringement and must be dismissed. *See, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 19-cv-00432-ADA, Dkt No. 101 (W.D. Tex. Jan. 31, 2020) (Albright, J.) (granting motion to dismiss

plaintiff's claims of induced infringement and contributory infringement where plaintiff had alleged defendant's "knowledge" "[a]t least as of the filing of the original complaint"); *Aguirre v. Powerchute Sports, LLC*, No. 10-cv-00702, 2011 WL 2471299, at \*3 (W.D. Tex. June 17, 2011) ("To the extent Aguirre relies on knowledge of Aguirre's patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement."). Other district courts have agreed with this approach, noting that the "'knowledge via filing' framework dilutes the knowledge requirement to the point of meaninglessness, since by virtue of being sued for infringement, a party necessarily is aware of the patent-in-suit." *Simplicity Corp. v. Springpath, Inc.*, No. 15-cv-13345, 2016 WL 5388951, at \*8 (D. Mass. July 15, 2016); *see also Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 14-cv-01017, 2015 WL 1246500, at \*9 (M.D. Fla. Mar. 16, 2015) ("If post-suit notification were permissible, then the knowledge / willful blindness requirement would be meaningless—*of course* alleged infringers have actual knowledge of the patent(s) at issue once they have received the complaint.") (emphasis in original); *Brandywine Commc'ns Techs., LLC v. CenturyTel Broadband Servs., LLC*, No. 12-cv-00286, 2014 WL 12866968, at \*5 (M.D. Fla. Jan. 15, 2014) ("[P]re-suit knowledge of the patents-in-suit [is] required for induced infringement, because holding otherwise would vitiate the Supreme Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement, since the complaint would necessarily provide notice of the patents-in-suit.").

Thus, WSOU's failure to adequately plead knowledge of the '738 patent is fatal to its induced infringement claims.

6

ii.   The Complaint Fails to Allege Canon Specifically Intended to Induce
      Infringement of the '738 Patent

WSOU also fails to plead facts from which it could be inferred that Canon had the

specific intent to induce infringement as required by law. A claim of induced infringement "must

contain facts plausibly showing that [the defendant] specifically intended [its] customers to

infringe the [asserted patents] and knew that the customers' acts constituted infringement." *Joao*

*Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 14-cv-00134, 2015 WL 3513151, at *4

(W.D. Tex. Mar. 24, 2015). "[T]he mere knowledge of possible infringement of a patent by

others does not amount to inducement." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 17-cv-

00143, 2017 WL 9477677, at *4 (W.D. Tex. Nov. 28, 2017) (citing *Global-Tech Appliances*, 563

U.S. at 766). "Specific intent and action to induce infringement" are necessary; WSOU must

allege that Canon took "affirmative steps to bring about the desired result [of infringement]." *Id.*

(quoting *Global-Tech Appliances*, 563 U.S. at 760).

The Complaint alleges merely that Canon "distribute[s] product literature and website

materials inducing end users and others to use its products in the customary and intended manner

that infringes the '738 patent." Complaint, ¶ 14. According to WSOU, Canon "therefore actively,

knowingly, and intentionally has been and continues to induce infringement of the '738 patent."

Complaint, ¶ 15. These allegations are woefully inadequate.

WSOU's assertions are nothing more than "naked assertions," "devoid of further factual

enhancement" and cannot withstand a motion to dismiss. *Iron Oak Techs., LLC*, 2017 WL

9477677, at *5-6. Indeed, the Federal Circuit and this Court have consistently considered and

dismissed similar allegations for failing to meet the pleading standard for specific intent. *See,*

*e.g.*, *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir.

2015) (affirming dismissal of indirect infringement claims and noting that induced infringement

7

may not be pled by simply setting forth conclusory allegations that a defendant "acted with

specific intent" or acted to "urge, instruct, [and/or] encourage" infringement); *see also Affinity*

*Labs*, 2014 WL 2892285, at *7 (holding that plaintiff's unsupported allegations that defendant

has "encouraged and is encouraging" its customers to infringe the Asserted Patents by marketing

and selling its automobiles with sound systems failed to support the standards for induced

infringement).

WSOU's passing reference to "product literature and website materials" does not provide

any factual basis for alleging specific intent to induce infringement. *See Hypermedia Navigation*

*LLC v. Google LLC*, No. 18-cv-01637, 2019 WL 1455336, at *2 (N.D. Cal. Apr. 2, 2019)

(dismissing claims of induced infringement and holding that plaintiff's "passing references to

user manuals guides, and support articles" cannot be relied on to infer specific intent). Indeed,

the Complaint is silent as to *how* Canon—without any knowledge of the asserted patent—

providing its customers with "product literature and website materials" for products they have

purchased supports an *inference* of specific intent to induce infringement. *See id.* at *3 (noting

"the complaint only states bald conclusions that an end user following YouTube instructions

results in infringement" and fails to "detail *how* an end user would infringe Hypermedia's patents

by following instructions in the link") (emphasis in original). The Complaint simply fails to

include any facts supporting an inference of specific intent.

Indeed, WSOU's Complaint and its attached claim chart do not give Canon any

reasonable basis to believe that the accused EF-M 28mm f/3.5 Macro IS STM lens infringes the

'738 patent. For example, the '738 patent is directed to "automatically zooming" a camera unit,

which is required by asserted claim 10 and every other claim of the '738 patent. In contrast to the

claim language, the allegedly infringing Canon EF-M 28 mm f/3.5 MACRO IS STM lens is a

prime lens, *i.e.*, it has a fixed focal length and ***cannot zoom***. The fact that prime lenses, such as

the accused EF-M 28mm f/3.5 MACRO IS STM lens, ***cannot zoom*** is well known to people of

skill in the art and even to amateur photographers. Indeed, ***the very first sentence*** of the

Wikipedia page entries for both "Zoom Lens" and "Prime Lens" states that a prime lens is the

***opposite*** of a zoom lens.[2,3]

The claim chart accompanying the Complaint, however, seems to allege that "automatic

zooming" is merely the act of a user physically moving the camera closer to the subject, without

anything being done by lens or the camera. Dkt. 1-2 at p. 7-8 ("As the user gradually moves

towards the target object (from a distance of 11 cm towards a distance of 9.3 cm), the distance to

the target object decreases and the user is able to capture more details of the object and fill more

of the frame."). But moving a camera physically closer to an object is not zooming. This is

demonstrated, for example, by Fig. 2 of the '738 patent, which identifies line 201 as the Zoom

Ratio and demonstrates that merely changing the distance to the target has no effect on the Zoom

Ratio. *See* Red Box in annotated Fig. 2, reproduced below.[4] Of course, as shown by the Blue

Box, as the camera is moved closer to the target, the size of the object in the image increases.[5] As

shown by the relationships between the Red and Blue Boxes in annotated Fig. 2, merely

changing the size of the object in the image (i.e., the Blue Box, which shows change in object

size) is ***not*** zooming (i.e., the Red Box, in which the zoom ratio remains constant).

---

[2] https://en.wikipedia.org/wiki/Zoom_lens.

[3] https://en.wikipedia.org/wiki/Prime_lens.

[4] The x-axis of the graph shows the distance to the subject. As shown by the Red Box around line 201, the zoom ratio stays constant despite the distance to the subject changing.

[5] The z-axis shows the size of the object needed to file the whole image. As the camera gets nearer to the subject (x-axis value decreases), the Blue Box around line 202 shows that smaller objects will fill the screen even when the zoom ratio does not change.



As another example, the claims of the '738 patent further require **"automatic"** zooming.

Manually moving a lens closer to an object is certainly not "automatic." Indeed, the '738 patent

describes "automatically zooming" as controlled by the processor, which "controls the apparatus

to detect close-up photography conditions." *Id.* at 2:15-19; *see also id.* at 4:66-67 (describing that

the apparatus "operate[s] according to instructions given by the *processor*."). In contrast,

manually moving the lens closer to the object is physically done by the *user*, not the *processor*.

The '738 patent further confirms that manual adjustments are not automatic, stating: "***putting the***

***camera to the tele position for macro shots would require an extra action from the user*** and

therefore would make spontaneous shots more difficult. ***Thus embodiments of the invention that***

***automate this step*** improve the user experience … ." *Id.* at 3:18-22. WSOU's allegation is also

contrary to the plain and ordinary meaning of "automatically."[6]

---

[6] *Automatically Definition*, OED.com Dictionary, Oxford English,
https://www.oed.com/view/Entry/13466 (defining "automatically" as "[w]ithout active thought
or volition; involuntarily, mechanically; unconsciously, instinctively") (last visited Mar. 5,
2021); *Automatically Definition*, Dictionary.com,

To the extent WSOU is arguing its claim covers merely moving a camera physically closer to the subject, it is claiming a basic property of the universe, namely that things look bigger when you move closer to them.[7] This is unquestionably a law of nature and the patent would be invalid under 35 U.S.C. §101 (and Canon will move for summary judgment on that basis at the appropriate time). To the extent WSOU is not alleging infringement based on the user merely physically moving the camera closer to the subject, it has no infringement allegation at all. Thus, for at least these exemplary reasons, Canon has no knowledge that it is infringing the '738 patent and no intent to induce infringement.

Without any factual basis from which the Court could infer that Canon had the specific intent to induce infringement, WSOU's allegations of induced infringement cannot meet the standards set forth in *Iqbal* and *Twombly* and enforced in prior patent infringement actions by this Court.

### C.  The Complaint Fails to State a Claim for Contributory Infringement

As discussed above, WSOU's failure to allege Canon's knowledge of the '738 patent dooms its claims of indirect infringement. *See Artip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citing *Commil*, 135 S. Ct. at 1926) ("To survive a motion to dismiss, a plaintiff alleging contributory infringement must plausibly allege that the accused infringer knew of the asserted patents.").

Claims of contributory infringement must be "more than boilerplate recitations of the elements of … contributory infringement." *Blackberry Ltd. v. Nokia Corp.*, No. 17-cv-00155,

---

https://www.dictionary.com/browse/automatically (last visited Mar. 5, 2021) (defining "automatically" as "by a device or process requiring no human intervention").

[7] *See also* https://www.youtube.com/watch?v=iZhEcRrMA-M.

2018 WL 1401330, at *4 (D. Del. Mar. 20, 2018) (dismissing contributory infringement claims).

Required are *factual* allegations that the accused component "has no substantial noninfringing

uses." *Affinity Labs*, 2014 WL 2892285, at *8 (quoting *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d

1321, 1326 (Fed. Cir. 2010)). A "conclusory allegation" that "components provided by" the

accused infringer "are not staple articles of commerce suitable for substantial non-infringing use"

is "no more than a 'threadbare recital' of one of the elements." *Iron Oak Techs., LLC v. Dell,*

*Inc.*, No. 1:17-cv-00999, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018) (quoting *Iqbal*, 556

U.S. at 678) (dismissing contributory infringement claims). In other words, it is insufficient to

assert "nothing more than 'if you use this device to perform the patented method, the device will

infringe and has no noninfringing uses.'" *In re Bill of Lading Transmission & Processing Sys.*

*Patent Litig.*, 681 F.3d, 1323, 1338 (Fed. Cir. 2012) (affirming dismissal of contributory

infringement claims).

WSOU's contributory infringement claims do not even approach these standards. They

are a textbook example of the "threadbare recital" of elements precluded by this Court's

precedent and *Iqbal*/*Twombly*:

> **Contributory Infringement.** Defendant therefore actively, knowingly, and
> intentionally has been and continues materially contribute to their own customers
> infringement of the '738 patent, literally or by the doctrine of equivalents, by
> selling Exemplary Defendant Products to their customers for use in end-user
> products in a manner that infringes one or more claims of the '738 patent. The
> Exemplary Defendant Products are especially made or adapted for infringing the
> '738 patent and have no substantial non-infringing use. For example, in view of
> the preceding paragraphs, the Exemplary Defendant Products contain
> functionality which is material to at least one claim of the '738 patent.

*De La Vega v. Microsoft Corporation*, No. 19-cv-00612-ADA, Dkt. 29 at 3 (Feb. 11, 2020)

(Albright, J.) (citing *Iqbal*, 556 U.S. at 662) ("Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."). WSOU's assertion plainly

fails basic pleading standards—WSOU simply recites the legal requirements for contributory infringement. WSOU's assertion is so generic that it resembles the hypothetical contributory infringement claim explicitly rejected in *In re Bill of Lading*. *Compare id.* (Canon's products "have no substantial non-infringing use. … the Exemplary Defendant Products contain functionality which is material to at least one claim of the '738 patent."), *with* 618 F.3d at 1338 ("if you use this device to perform the patented method, the device will infringe and has no noninfringing uses"). Indeed, WSOU copied-and-pasted this exact same paragraph into its four other complaints against Canon accusing four different products.[8] And, in all its complaints, this single paragraph constitutes the entirety of WSOU's contributory infringement claim. Such generic allegations are plainly deficient and warrant dismissal.

The accused EF-M 28mm f/3.5 Macro IS STM camera lens is fundamentally a camera lens that is capable of capturing extremely detailed images of an object at close distances. Its "Super Macro Mode" feature provides additional minor functionality by allowing the lens to focus on the object at slightly closer distances. Accordingly, far from having ***no non-infringing uses***—as contributory infringement requires—much of the use, value, and functionality of the EF-M 28mm f/3.5 Macro IS STM camera lens has nothing to do with its "Super Macro Mode" focus capabilities.

---

[8] *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Canon Inc.*, No. 20-cv-00980, Dkt. 1, ¶ 16 (Oct. 19, 2020); *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Canon Inc.*, No. 20-cv-00981, Dkt. 1, ¶ 16 (Oct. 19, 2020); *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Canon Inc.*, No. 20-cv-00982, Dkt. 1, ¶ 16 (Oct. 19, 2020); *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Canon Inc.*, No. 20-cv-00984, Dkt. 1, ¶ 16 (Oct. 19, 2020).

## CONCLUSION

For the foregoing reasons, Canon respectfully requests that the Court grant this motion

and dismiss WSOU's claims of induced infringement and contributory infringement.

Dated: March 15, 2021                                Respectfully Submitted,


                                                     */s/ John M. Jackson*

                                                     John M. Jackson (Texas Bar No. 24002340)
                                                     jjackson@jw.com
                                                     **JACKSON WALKER, LLP**
                                                     2323 Ross Avenue, Suite 600
                                                     Dallas, TX 75201
                                                     Tel: (214) 953-6000
                                                     Fax: (214) 953-5822

                                                     Richard F. Martinelli (*pro hac vice pending*)
                                                     rmartinelli@orrick.com
                                                     Joseph A. Calvaruso (*pro hac vice pending*)
                                                     jcalvaruso@orrick.com
                                                     **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                                     51 West 52nd Street
                                                     New York, NY 10019-6142
                                                     Tel: (212) 506-5000
                                                     Fax: (212) 506-5151

                                                     *Attorneys for Defendant*
                                                     *Canon Inc.*

14

15

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on the 15th day of March, 2021 in compliance with Rule CV-5 and has been served on all counsel who have consented to electronic service and all other counsel by regular mail.

/s/ John M. Jackson
John M. Jackson